# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Robert W. Hasel and ABCO
Research, LLC,

                Plaintiffs,

                                                Civ. No. 99-1376 (RHK/SRN)
                                                **MEMORANDUM OPINION**
                                                **AND ORDER**

v.

Kerr Corporation,

                Defendant.

---

Douglas J. Williams, Erik Swenson, Fulbright & Jaworski LLP, Minneapolis, Minnesota, for Plaintiffs.

Christopher T. Kolb, Halling & Cayo, SC, Milwaukee, Wisconsin, John D. Sear, Bowman & Brooke LLP, Minneapolis, Minnesota, for Defendant.

---

## INTRODUCTION

Defendant Kerr Corporation ("Kerr") seeks to vacate an arbitration award and Plaintiffs Robert W. Hasel ("Hasel") and ABCO Research, LLC ("ABCO") oppose the Motion. The arbitration involved a dispute regarding the satisfaction of settlement agreement terms. The arbitrator found in favor of Plaintiffs and Kerr now moves to vacate the arbitration award. For the reasons set forth below, the Court will deny the Motion and confirm the award.

**BACKGROUND**

In September 1999, Plaintiffs filed this action alleging that certain dental products manufactured by Kerr infringed two patents issued to Hasel and assigned to ABCO. The patents in question, U.S. Patent Nos. 5,547,379 ("the '379 Patent") and 5,944,527 ("the '527 Patent") concern a method of restoring defective human teeth using a dental composite material sufficiently "flowable" to allow the composite to be dispensed onto a patient's tooth through a syringe. Hasel v. Kerr Corp., Civ. No. 99-1376, slip op. at 1 (D. Minn. Apr. 9, 2001). The lawsuit was settled in June 2001 pursuant to a Settlement Agreement. (Kolb Decl. Ex. 1.)

Under the Agreement, Kerr agreed to pay royalties to Plaintiffs on the sale of its products covered by the '379 and '527 Patents. (Id. ¶¶ 3-6.) However, the obligation to pay such royalties would terminate if Plaintiffs failed to achieve fifty percent licensing of the market for "Flowable Composites" by either of two dates: May 31, 2004 or May 31, 2006. (Id. ¶¶ 8-9.) The term "Flowable Composites" was defined by the Settlement Agreement as "dental restorative material or the use thereof covered by any claim of the '379 or the '527 Patents." (Id. ¶ 8.)

In 2004, a dispute arose regarding whether Plaintiffs had satisfied the licensing benchmark required to continue receiving royalty payments. (Tomassi Decl. ¶ 3.) The issue was submitted to binding arbitration;[3] a hearing was held in May 2009. (Kolb Decl.

---

[3] Pursuant to the terms of the Settlement Agreement, the parties agreed "that any dispute over whether Hasel and ABCO have licensed greater than fifty percent (50%), by sales volume, of

2

Ex. 2.) By agreement of counsel, no recording or transcript of the arbitration was made. (Id. ¶ 6.)

In determining what fraction of the sales of Flowable Composites was licensed by Plaintiffs, the arbitrator was required to determine what products were properly considered "Flowable Composites." (Id. Ex. 2.) Initially, all parties relied upon a list of products provided by Strategic Dental Marketing ("SDM") as comprising all Flowable Composites. (Sweeny Decl. ¶ 6.) However, in May 2009, Kerr's research and development department determined that products made from resin-modified glass ionomers ("RMGI's"), not listed by SDM, were covered by the '527 Patent and therefore constituted Flowable Composites. (Tomassi Decl. ¶ 7.) The possibility that such products fell into the category of Flowable Composites was important - the volume of sales of at least one of these products, the Fuji II LC Improved (the "Fuji"), was significant and would tip the scale in favor of Kerr, since the Fuji was not licensed by Plaintiffs. (Sweeny Decl. ¶¶ 8, 12.)

Counsel for Kerr submitted a revised exhibit list and additional documentary evidence concerning the sales of the Fuji a week prior to the arbitration hearing. (Id. ¶ 9.) Plaintiffs objected to the introduction of any evidence pertaining to the Fuji, as the product was not identified in Kerr's response to their discovery requests. (Zayed Decl. ¶ 5.) The objection was overruled, subject to certain redactions of Kerr's exhibits

---

Flowable Composites in the United States . . . shall be submitted to an independent, mutually agreed upon . . . third party for resolution in a binding arbitration." (Kolb Decl. Ex. 1.)

3

regarding Fuji sales figures. (Id.)

During its case-in-chief, Plaintiffs presented the testimony of Hasel, who asserted that RMGI's, such as the Fuji, were not covered by the relevant patents. (Kolb Decl. ¶ 11.) Kerr then called Dr. David Tobia, who testified regarding the general composition of RMGI's. (Id. ¶ 14; Zayed Decl. ¶ 8.) In rebuttal, Plaintiffs called Edward Coombe, who opined that RMGI's were not the preferred material for permanent dental restorations. (Kolb Decl. ¶ 12.) Finally, in response to the testimony of Coombe, Kerr attempted to present additional testimony from Dr. Tobia, who would have testified regarding his opinion that RMGI's were covered by the relevant patents.[4] (Id. ¶¶ 13-14.) This testimony was excluded.[5] (Id.)

Although there is no dispute that the rebuttal testimony of Dr. Tobia was excluded, there is a disagreement regarding the extent to which Kerr was allowed to introduce evidence regarding its theory that RMGI's constituted Flowable Composites. Kerr contends that it was prevented from submitting evidence "central to the dispute" because Dr. Tobia was not allowed to give his expert opinion. (Mem. in Supp. at 1.) In contrast, Plaintiffs contend that "the essential testimony of Dr. Tobia" was not excluded, as he was permitted to testify during direct examination regarding the '527 Patent and RMGI's.

---

[4] Because no record or transcript of the arbitration was made, the Court cannot determine whether the arbitrator was made aware of the nature of the testimony Kerr wished to elicit from Dr. Tobia on rebuttal.

[5] The parties disagree as to why Dr. Tobia's rebuttal testimony was excluded. Kerr contends that the arbitrator excluded this testimony because Dr. Tobia provided no expert report. (Kolb Decl.

4

(Def. Mem. at 3-4.) In addition, Plaintiffs contend that Steven Tomassi, Kerr's witness and general counsel, was allowed to testify that based upon his discussions with Dr. Tobia and the patent prosecution history, RMGI's constituted Flowable Composites. (Zayed Decl. ¶ 9.) Kerr denies that Tomassi was able to give such an opinion. (Reply Mem. at 7 n.3.)

The arbitrator issued an award in favor of Plaintiffs, finding that they had met the required licensing threshold to continue receiving royalties. (Kolb Decl. Ex. 2.) In coming to this decision, the arbitrator determined that RMGI's did not constitute Flowable Composites. (Id.) Kerr now moves to vacate the award.

## STANDARD OF DECISION

The dispute in this case is governed by the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 1 *et seq*. Section 10 of the FAA provides the exclusive grounds for vacating an arbitration award. Hall Street Assocs., LLC v. Mattel, Inc., __ U.S. __, 128 S. Ct. 1396, 1406 (2008). Under Section 10, an arbitration award may be vacated only:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed

---

¶ 14.) Plaintiffs contend that the testimony was excluded as cumulative. (Zayed Decl. ¶ 11.)

> them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). This Court's review of an arbitration award is limited and the arbitrator's decision is entitled to "an extraordinary level of deference." Stark v. Sandberg, Phoenix & Von Gontard, PC, 381 F.3d 793, 798 (8th Cir. 2004) (explaining that an arbitration award "must be confirmed even if a court is convinced the arbitrator committed a serious error, so long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority"). In fact, a court's "scope of review of [an] arbitration award . . . is among the narrowest known to the law." Bhd. of Maint. of Way Employees v. Terminal R.R. Ass'n, 307 F.3d 737, 739 (8th Cir. 2002).

## ANALYSIS

Kerr seeks to vacate the arbitration award for the arbitrator's failure to "hear evidence material to the controversy." (Mem. in Supp. at 11.) Specifically, Kerr contends that the award should be vacated because the arbitrator refused to hear the rebuttal opinion testimony of Dr. Tobia regarding RMGI's and the relevant patents. (Id. at 9-10.)

It is true that an arbitration award may be vacated "where the arbitrator[] . . . refus[ed] to hear evidence pertinent and material to the controversy." 9 U.S.C. § 10(a)(3). However, "[i]n making evidentiary determinations, an arbitrator need not follow all the niceties observed by the federal courts." Tempo Shain Corp. v. Bertek, Inc., 120 F.3d 16,

20 (2d Cir. 1997) (internal quotation marks and citation omitted). In fact, "an error that requires the vacation of an award must be one that is not simply an error of law, but which so affects the rights of a party that it may be said that he was deprived of a fair hearing." Grahams Serv., Inc. v. Teamsters Local 975, 700 F.2d 420, 422 (8th Cir. 1982) (internal quotation marks and citation omitted).

In addressing Kerr's complaints, the Court is presented with a significant impediment: no record or transcript of the arbitration hearing was made. Accordingly, the Court is left with the affidavits of those present at the hearing and the arguments of counsel, resulting in "he said, she-said" factual disputes regarding the extent to which the arbitrator allowed Kerr to present evidence on the issue of RMGI's. For purposes of the present Motion, the burden rests with Kerr to establish a basis to vacate the arbitration award. Stark, 381 F.3d at 802. Without a record of the proceeding, or agreement by the parties as to what occurred, Kerr cannot meet the high threshold required by the FAA to vacate an arbitration award. Indeed, there is evidence in the record indicating that Kerr was able to present substantial testimony regarding RMGI's and the relevant patents. Accordingly, on this basis alone, Kerr's Motion must be denied.

Moreover, the Court determines that even if the evidence was excluded to the extent Kerr contends, the arbitration award must be confirmed. "Every failure of an arbitrator to receive relevant evidence does not constitute misconduct requiring vacatur of an arbitrator's award." Hoteles Condado Beach v. Union De Tronquistas Local 901, 763 F.2d 34, 40 (1st Cir. 1985). Indeed, in conducting arbitration hearings, "[a]rbitrators must

be given discretion to determine whether additional evidence is necessary or would simply prolong the proceedings." Tempo, 120 F.3d at 19. While Kerr may not have been able to introduce all of the evidence it desired during the arbitration hearing, this inability did not result in the deprivation of a fair hearing, as required to vacate an arbitration award.[6] Kerr does not deny that it was permitted to introduce some evidence on RMGI's and that Dr. Tobia was able to give substantial testimony on direct examination. Thus, each party had "an adequate opportunity to present its evidence and argument." Hoteles, 763 F.2d at 39.[7] The fact that Dr. Tobia was not allowed to provide additional opinion testimony on rebuttal did not result in an unfair hearing.[8] Thus, because Kerr has failed to meet its burden in establishing grounds for vacating the arbitration award, its Motion will

---

[6] Kerr asserts that "[t]o determine whether a product is covered by a patent, certain basic steps must be taken." (Reply Mem. at 5.) Seemingly, Kerr believes that the arbitrator made an error of law by not following certain analytical steps. However, an error of law is not a basis, under the FAA, to vacate an arbitration award. 9 U.S.C. § 10(a); Prime Therapeutics LLC v. Omnicare, Inc., 555 F. Supp. 2d 993, 999 (D. Minn. 2008) (Kyle, J.) (holding that "manifest disregard of the law" is not a basis upon which to vacate an arbitration award).

[7] Kerr relies upon Burlage v. Superior Court of Ventura County, 100 Cal. Rptr. 3d 531 (Cal. Ct. App. 2009), to support vacating the arbitration award in this case. In Burlage, the California Court of Appeals vacated an arbitration award when the arbitrator excluded material evidence regarding the mitigation of damages. Id. at 535-36. However, Burlage is easily distinguishable as the arbitrator in that case excluded all evidence regarding mitigated damages. In contrast, Kerr does not deny that it was permitted to introduce some evidence on RMGI's.

[8] The arbitrator was also justified in excluding evidence regarding the Fuji sales figures as such figures were not disclosed during discovery. "[I]f the arbitrator[] makes[s] a factual and procedural determination that under their governing rules proffered evidence is untimely or not included in approved discovery schedules, absent evidence of misconduct that determination is beyond judicial review." Commercial Risk Reinsurance Co. v. Sec. Ins. Co. of Hartford, 526 F. Supp. 2d 424, 430 (S.D.N.Y. 2007).

be denied and the award will be confirmed.  9 U.S.C. § 9.

## CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, it is

**ORDERED** that Kerr's Motion to Vacate Arbitration Award (Doc. No. 125) is **DENIED**, and the arbitration award is **CONFIRMED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: January 12, 2010               s/Richard H. Kyle
                                      RICHARD H. KYLE
                                      United States District Judge